IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHASTA WINN,                                          Case. No. 6:25-cv-1098-MC

OPINION & ORDER

        Plaintiff,

        v.

OREGON DEPARTMENT OF JUSTICE, et al.,

        Defendants.
_____

MCSHANE, Judge:

    *Pro se* plaintiff Shasta Winn seeks leave to proceed *in forma pauperis* (IFP). This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

    Plaintiff "is a licensed psilocybin facilitator residing in Oregon and an independent contractor who solely created, founded, and operated Myco-Method, an unincorporated interfaith religious training program that was approved in March 2023 by the Oregon Health Authority (OHA) as fully compliant with Measure 109 and ORS 475A." Compl. 1–2; ECF No. 2. The gist of Plaintiff's complaint is that Defendant "HECC" is a state agency that unlawfully attempted to regulate psilocybin training programs without legislative authorization." Compl. 2. Plaintiff

1 – Opinion & Order

alleges that "DOJ attorneys advised HECC to pursue enforcement actions against Plaintiff, including a Cease and Desist Order issued by HECC in October 2023, after Plaintiff declined to submit to the unlawful licensing scheme created under the IAA." Compl. 2. Some agency ultimately revoked Myco-Method's license. The administrative proceedings "proceeded without statutory authority, while material evidence was withheld from the record, objections were excluded, and Plaintiff was denied fair process." Compl. 3. "Plaintiff suffered the loss of program approval, reputational harm, lost financial contributions, and exclusion from the regulated system." Compl. 4.

For several reasons, Plaintiff fails to state a claim. First, Plaintiff previously filed a substantially similar action. *See Winn v. Higher Educ. Coordinating Comm.*, 24-4 (D. Or.). In that case, after seeking review of the administrative decision in the Oregon Court of Appeals, Plaintiff attempted to remove her own appeal to this district court. February 23, 2024 Order 2. Because removal was improper, the Court remanded the matter back to the Oregon Court of Appeals. Here, Plaintiff acknowledges the ongoing state appeal is ongoing. For that reason alone, this action is premature. However, the Court previously informed Plaintiff that the "*Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *Id.* (citing *Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006). Finally, the Court previously noted that *Younger* abstention applies. *Id.* The same holds true with the current action. "Younger abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. Younger abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions." *Id.* (quoting *Ignacio*, 453 F.3d at 1165).

2 – Opinion & Order

Here, "Plaintiff acknowledges that the OHA played a central role in the events giving rise to this case, including revoking Plaintiff's program approval in February 2025. However, *because that revocation is currently under judicial appeal within the state system*, OHA is not named as a defendant in this action at this time, in order to avoid premature or duplicative adjudication." Compl. 2 (emphasis added). Simply omitting the agency who made the final decisions does not somehow remove a case from *Rooker-Feldman* or *Younger* barriers. Plaintiff here alleges that the licensing process violated her due process rights because "the enforcement actions proceeded without statutory authority, while material evidence was withheld from the record [and] objections were excluded." Compl. 3. Plaintiff also alleges Defendants discriminated against her "on the basis of religion and viewpoint. The IAA created a closed regulatory loop that benefited secular, institutionally connected entities while excluding religious and independent programs, amounting to both viewpoint discrimination and anticompetitive exclusion." Compl. 3. Plaintiff, however, may certainly raise these objections and allegations in the ongoing state appeal. It is clear that this action is premature. After all, the main relief Plaintiff seeks here is to "Reverse or void all enforcement actions and program decisions undertaken pursuant to the IAA, including reinstating revoked training program approvals and declaring null and [void] approvals granted by HECC under the unlawful delegation of authority." Compl. 7. In other words, Plaintiff seeks here the exact same relief she seeks in the underlying state appeals. For those reasons, Plaintiff's action here is, at best, premature.

/ / / /

/ / / /

/ / / /

3 – Opinion & Order

Because Plaintiff fails to state a claim, Plaintiff's application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 28th day of July, 2025.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

4 – Opinion & Order